11-18-14
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
11-19-14

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.  
SUPERIOR COURT  
DEPARTMENT OF THE TRIAL COURT

---

LAUREN S. KRUSKALL,

    Plaintiff,

vs.                                CIVIL ACTION NO. 14-01090

LAW SCHOOL ADMISSION COUNCIL, INC.,  
AND DOES LISTED BELOW,

    Defendants.

---

### NOTICE OF MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Massachusetts Superior Court Rule 9E, defendant Law School Admission Council, Inc. ("LSAC") hereby notifies the Court that it has served on Plaintiff Lauren S. Kruskall its Motion for More Definite Statement. LSAC served its Motion pursuant to Superior Court Rule 9A by first class mail and e-mail on November 17, 2014.

                              Respectfully submitted,

                              LAW SCHOOL ADMISSION COUNCIL, INC.

                              By its attorneys,

                              /s/ M. Korsunsky  
                              Paul F. Beckwith (BBO #550186)  
                              pbeckwith@goulstonstorrs.com  
                              Mariana Korsunsky (BBO # 675626)  
                              mkorsunsky@goulstonstorrs.com  
                              GOULSTON & STORRS, P.C.  
                              400 Atlantic Avenue  
                              Boston, Massachusetts 02110-3333

Dated: November 17, 2014        Telephone: (617) 482-1776

gsdocs\8132700.1

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.
Deputy Assistant Clerk

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing notice was served in the manner indicated below on

November 17, 2014

**(via first-class mail and e-mail)**
**Lauren S. Kruskall**
*Plaintiff appearing pro se*
Buki418@aol.com
PO Box 418
Dover, MA 02030
Telephone: 617-816-6087

*/s/ M. Korsunsky*
Mariana Korsunsky

## PROOF OF SERVICE AFFIDAVIT

11/5/14
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

I, Lauren S. Kruskall,

declare that I served suit docket # 14 01090

with official court forms and corresponding complaints by Certified Mail to LSAC (Law School Admission Council)

at 662 Penn St, Newtown, PA 18940

on 10/28/14

I declare under penalty of perjury under the laws of Massachusetts that the foregoing is true and correct.

Signed [signature]

on 10/4/14

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
[signature]
Deputy Assistant Clerk
11/20/14

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_   ☒ Agent  ☐ Addressee<br>B. Received by (Printed Name): IMRAN DIN   C. Date of Delivery: 10/28/14<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☒ No |
| 1. Article Addressed to:<br><br>LSAC (Law School Admission Counc.l)<br>662 Penn St<br>Newtown, PA 18940 | 3. Service Type<br>☐ Certified Mail®  ☐ Priority Mail Express™<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7013 1090 0002 4403 5083 |

PS Form 3811, July 2013    Domestic Return Receipt

UNITED STATES POSTAL SERVICE
PHILADELPHIA
PA 191
28 OCT '14
PM 8 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4® in this box•

Laura S. Kruskall
19901 E. Country Club Dr. #2406
Aventura, FL 33180

## DETERMINATION REGARDING FEES AND COSTS

**14 01090**

Court: **Norfolk**

Case Name and Number

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
8/7/14

Name of Applicant: **Lauren S. Kruskall**

Address: **P.O. Box 418** **Dover, MA 02030**
(Street and number) (City of Town) (State and Zip)

### FORTHWITH DETERMINATION BY CLERK (Register, Recorder)

☑ **ALLOWED FORTHWITH.** The applicant's affidavit appears regular and complete on its face, indicates that the applicant is indigent, and requests waiver, substitution or payment by the Commonwealth of normal fees and costs only. Pursuant to G. L. c. 261, § 27C(2), the application is therefore ALLOWED forthwith without hearing, and the normal fees and costs indicated in the application are:

☑ waived in full (entry fee) ☑ to be paid by the Commonwealth in the amount of $ **to be determined** (serving process fees)

☐ **REFERRED TO A JUDGE.** The applicant's affidavit does not satisfy all the conditions of § 27C(2), and is therefore referred to a judge pursuant to § 27C(3), because:

☐ The affidavit is not regular and complete on its face.

☐ The affidavit does not indicate that the applicant is indigent within the meaning of § 27A.

☐ The affidavit requests waiver, substitution or payment by the Commonwealth of **extra** fees and costs.

Comments:

Describe fees and costs waived: **Max K. Idukey, First Asst Clerk**

Date **Aug. 7, 2014** Clerk-Magistrate/ Assistant Clerk (register, recorder/assistant)

X

---

DETERMINATION BY JUDGE ☐ after hearing ☐ without hearing

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.
Deputy Assistant Clerk
11/20/14

**NORMAL FEES AND COSTS**

☐ The application is ALLOWED with respect to the normal fees and costs indicated in the application, and they are ordered:

☐ waived in full. ☐ to be paid by the Commonwealth in the amount of $_____.

☐ waived in part. I find that it is within the applicant's limited financial means to pay a reduced amount of $_____.

☐ to be avoided by the provision of _____ to the applicant, pursuant to § 27F, as an alternative which is available at lower or no cost, is substantially equivalent and does not materially impair the rights of any party.

☐ The application is **DENIED** with respect to the normal fees and costs indicated in the application, because I find that:

☐ The applicant is not indigent within the meaning of § 27A.

☐ Other:

Describe normal fees and costs waived:

EXTRA FEES AND COSTS

☐ The application is **ALLOWED** with respect to the extra fees and costs indicated in the application, and they are ordered:

~~☐ waived in full.   ☐ to be paid by the Commonwealth in the amount of $_____.~~

☐ waived in part. I find that it is within the applicant's limited financial means to pay a reduced amount of $_____.

☐ to be avoided by the provision of _____ to the applicant, pursuant to § 27F, as an alternative which is available at lower or no cost, is substantially equivalent and does not materially impair the rights of any party.

☐ The application is **DENIED** with respect to the extra fees and costs indicated in the application, because I find that:

☐ The applicant is not indigent within the meaning of § 27A.

☐ The document, service or object is not reasonably necessary to assure the applicant as effective a prosecution, defense or appeal as if the applicant were financially able to pay.

☐ Other:

Describe extra fees and costs waived:

Date                    Judge

                        X_____

The applicant may appeal denial of this application by filing a notice of appeal with the clerk (register, recorder) of this court within 7 days from notice of denial.

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Lauren S. Kruskall | Law School Admission Council, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Board of Bar Overseers number: | RECEIVED & FILED<br>CLERK OF THE COURTS<br>NORFOLK COUNTY 8/7/14 |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | negligence/personal injury | (F) | ( ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......... $
2. Total Doctor expenses .......... $
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses .......... $
5. Total other expenses (describe) .......... $
Subtotal $ ..........
B. Documented lost wages and compensation to date .......... $ 15,000
C. Documented property damages to date .......... $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages .......... $ 6,000,000
F. Other documented items of damages (describe) .......... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Multiple, extraneous tests/registration, tutoring, (studying lost wages) see above, projected sub-par education future earnings, law scholarship withholding, emotional distress in part due to disability repeatedly exploited by plaintiff.  $7,000,000
TOTAL $ 13,000,000

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk
11/20/14

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 8/7/14

JTC-6 mtc005-11/99
D.S.C. 1-2000

LAUREN S. KRUSKALL,

    Plaintiff

v.

LAW SCHOOL ADMISSSION COUNCIL, INC.,
    and DOES listed Below.

    Defendants

14 01090

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
8/7/14

**COMPLAINT FOR NEGLIGENT MISREPRESENTATION, FRAUD, AND BAD FAITH.**

Plaintiff alleges the following information. Plaintiff is unsure of the actual names of all defendants listed below, and is therefore suing defendants based on the actual/and or fictitious names given, as listed below. Plaintiff will amend complaint to reflect actual names and professional positions once they have been confirmed.

1. Defendant LAW SCHOOL ADMISSSION COUNCIL, INC., henceforth referred to as "LSAC" is a business authorized to practice in the state of Massachusetts, among other jurisdictions. It's duties include, but are not limited to, promoting and administering testing services for admission to law schools. In addition, LSAC provides testing accommodation on aforementioned services specifically for disabled students that have a "history of disability."

2. Defendants JOHN DOES including, but not limited to, Terri Mester, Judie Menago, Maureen Troyan, John Doe and Jane Doe are employees/and or agents acting as such in conjunction with other employees in those referenced capacities.

3. Each defendant was an employee acting on behalf of said agency, with all permission of the principal leadership. The acts and general conduct alleged herein were recognized and authorized by the other individual defendants and the entire group.

4. While Plaintiff Lauren S. Kruskall was engaged in interaction with LSAC, they alleged that they were professionally advising Plaintiff by assisting her in the application for law school admissions testing and accommodation. Based on needs specified by Lauren upon sign-up for three different tests within a period that ranged over five years, DOES recommended on multiple occasions that accommodations were appropriate for the circumstances given plaintiff's "documented history of disability." Taking into account these discussions by engaging LSAC, Lauren initiated test taking and accommodation requests on these three separate occasions with

LSAC.

5. Based on verbiage established online and through paperwork distributed, copyrighted and owned by LSAC, in conjunction with the laws of the United States in regard to The Civil Rights Act, The Fair Housing and Employment Act (FEHA), The Americans with Disabilities Act (ADA), LSAC Defendants are obligated to adhere to all contractual stipulations and laws pertaining to such engagements.

6. Plaintiff Lauren S. Kruskall complied with all the provisions pertaining to her testing applications, including but not limited to, upkeep of financial obligations, which therefore make the contracts, explicit and implied, fully effective.

7. During the contractual period, and for reasons including, but not limited to, fraudulent misrepresentation of products by LSAC that will be further detailed below, Lauren Kruskall was unable to acquire accommodated testing from the defendants.

8. Plaintiff is seeking damages from the SLM Defendants, and claims that each individual named as well as the group are liable for said damages.

First Cause of Action

NEGLIGENT MISREPRESENTATION (AGAINST ALL DEFENDANTS)

9. Plaintiff realleges 1-8 of this complaint as fully set forth.

10. Through various methods of solicitations and representations, LSAC Defendants advised Lauren Kruskall of their claimed expertise and reputation as a law school admissions testing service. They also assured her that her application, particularly for disability, would be handled properly and fairly, without any sort of prejudice.

11. Upon request, Lauren S. Kruskall went above and beyond the requirements of submission to document in a timely manner her extensive accommodations throughout high school. This included, but was not limited to letters from her standard high school teachers, as well as adjunct teachers whose employment responsibilities were to specifically work with learning disabled students. Lauren also provided original physician diagnosis from as early as 1994 diagramming disability that spanned throughout high school, as well as prescriptions for related medications to assist and control such disabilities through present time.

12. Lauren Kruskall submitted the aforementioned documentation for three different testing dates. During each submission period, she was asked in writing to provide various explanations and supplements to her documentation. These requests were ambiguous at best, and LSAC employees refused to clarify their meaning by

any coherent or logical sort of communications.

13. LSAC used the aforementioned to purposefully employ various stalling tactics attempting to disqualify student from receiving accommodations for reasons related to timing rather than any sort of legitimate denial.

14. Prior to the test itself, Lauren Kruskall clearly stated both verbally and in writing multiple times that her accommodations were a necessary part of her academic performance on the test, as evidenced through her learning history. She also clearly stated that she would not proceed with the test, in the event that LSAC did not provide accommodations. LSAC verbally assured her that she would receive accommodations, yet required her to pay non-refundable fees prior to actually granting those accommodations.

15. Lauren Kruskall felt maliciously pressured by LSAC into taking the law school admissions test without accommodations, due to the financial commitment extracted, as well as insistence from LSAC representatives that regardless of her disability status she should take the test without accommodations.

16. LSAC Defendants advised Plaintiff that their company was particularly expert in recommending and dispersing information regarding admissions testing to students because of their own extensive history administrating aforementioned.

17. Lauren Kruskall trusted these assertions and relied upon LSAC when engaging in their services. She never suspected that the defendants would have at best utter disregard, and at worst ulterior motives or prejudices that caused them to purposefully provide inaccurate information in regards to LSAC accommodation.

18. LSAC made these false representations with the goal of getting Lauren Kruskall to take the Law school admissions test as many times as possible in order for the defendants to receive as much financial compensation as possible. LSAC did not consider the consequences that Lauren Kruskall, given her documented history of disability and the degree of such, would suffer the damages that shall be outlined in this complaint.

19. Lauren Kruskall has been damaged as stated previously in 9-19.

20.


Second Cause of Action

FRAUD (Against all Defendants)

20. Plaintiff realleges 1-20 of this complaint as fully set forth.

21. LSAC Defendants were either aware of the false representations above, yet made them anyway to gain a monetary contract, or they made the above representations in a reckless

manner.

22. Continuing in this vein, LSAC defendants made representations to Ms. Kruskall that taking the test multiple times without accommodation would be "good practice" and despite financial costs or otherwise, would benefit her in admission to law school.

23. Ms. Kruskall was unaware of LSAC Defendants history of systematic accommodations denial. As cited in multiple case law examples at the individual and Class Action level, LSAC has problems granting accommodations to students with well-documented histories of disability.

24. LSAC acts with prejudice against students with histories of disability by granting a significantly higher percentage of accommodations to students lacking such applied history but who have obtained a recent, comparatively superficial disability diagnosis.

25. LSAC Defandants recommended in their online literature, as well as specifically to Ms. Kruskall, that she take extensive, expensive analysis testing prior to the law school admissions test in order to document disability. Not only did LSAC defendants completely negate a documented history that they previously requested so much information regarding, it is also clearly a conflict of interest for LSAC to be recommending potentially erroneous medical advice to candidates.

26. As a result of the SLM Defendants actions, Ms. Kruskall has been damaged as stated previously in 20-26 above.

## Third Cause of Action

### BAD FAITH

27. Plaintiff realleges 1-26 of this complaint as fully set forth.

28. LSAC Defendants had a duty to perform in good faith and fair dealing in regards to the collection of Lauren Kruskall's disability documents, particularly in regard to the inherent sensitivities in this subject matter that defendants should be rehearsed in. LSAC would have no reason or allowance to harass Plaintiff purposefully.

29. LSAC Defendants had a duty to perform in good faith and fair dealing in regards to communication regarding their policies with Ms. Kruskall, and would have no reason or allowance to harm, dissuade or deter Ms. Kruskall, including, but not limited to excessive, repeated requests for information, verbal threats or ceased communication.

30. LSAC Defendants violated the covenant of good faith and fair dealing as set forth below.

I. Purposefully depriving Lauren Kruskall of engaging in a proposal set forth initially by the LSAC.

II. Using threatening language and/or intimidations to entice Ms. Kruskall into making payments for an excessive, inappropriate testing schedule.

III. Refusing to give Lauren Kruskall's interests fair and due consideration.

31. As a result of the LSAC Defendants actions, Ms. Kruskall have been damaged as stated previously in 27-30 above.    In addition to any and all contractual obligations, plaintiff seeks from defendants punitive damages as stated below.

1. Damages

2. General Damages

3. Exemplary Damages

4. Any other damages and relief the court finds appropriate.

JURY TRIAL IS HEREBY DEMANDED.

By:

Lauren S. Kruskall

Plaintiff.

PO Box 418,

Dover, MA 02030

#617-816-6087

Buki418@aol.com

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.
Deputy Assistant Clerk
11/20/14

7.0

11-18-14
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
11-19-14

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                       SUPERIOR COURT
                                                   DEPARTMENT OF THE TRIAL COURT

---

LAUREN S. KRUSKALL,

        Plaintiff,

vs.                                                CIVIL ACTION NO. 14-01090

LAW SCHOOL ADMISSION COUNCIL, INC.,
AND DOES LISTED BELOW,

        Defendants.

---

## NOTICE OF FILING NOTICE OF REMOVAL

To the Honorable Clerk of above-entitled Court:

The Defendant Law School Admission Council, Inc., pursuant to 28 U.S.C. § 1446(d), gives notice of the removal of the above-captioned action from this Court to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal filed in the United States District Court for the District of Massachusetts is attached hereto, as Exhibit A.

        Respectfully submitted,

        LAW SCHOOL ADMISSION COUNCIL, INC.

        By its attorneys,

        /s/ M. Korsunsky
        Paul F. Beckwith (BBO #550186)
        pbeckwith@goulstonstorrs.com
        Mariana Korsunsky (BBO # 675626)
        mkorsunsky@goulstonstorrs.com
        GOULSTON & STORRS, P.C.
        400 Atlantic Avenue
        Boston, Massachusetts 02110-3333
        Telephone: (617) 482-1776

Dated: November 17, 2014
gsdocs\8131421.1

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
/s/ Deputy Assistant Clerk
11/20/14

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Filing of Notice of Removal was served in the manner indicated below on November 17, 2014

**(via first-class mail and e-mail)**
**Lauren S. Kruskall**
*Plaintiff appearing pro se*
Buki418@aol.com
PO Box 418
Dover, MA 02030
Telephone: 617-816-6087

_____
Mariana Korsunsky

# EXHIBIT A

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAUREN S. KRUSKALL,

        Plaintiff,

vs.

CIVIL ACTION NO. _____

LAW SCHOOL ADMISSION COUNCIL, INC.,
AND DOES LISTED BELOW,

        Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant, Law School Admission Council, Inc. ("LSAC"), by and through its undersigned attorneys, files this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Norfolk County Superior Court in the Commonwealth of Massachusetts, where the action is now pending, as provided by 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully state to the Court the following grounds for removal:

1. On or about August 7, 2014, Lauren S. Kruskall filed a complaint (the "Complaint") in Norfolk County Superior Court in the Commonwealth of Massachusetts, captioned *Lauren S. Kruskall v. Law School Admission Council, Inc., and DOES listed Below*, Civil Action No.: 14-01090 ("the Superior Court Action"). A copy of the Complaint is attached as **Exhibit A**.

2. The Complaint alleges causes of action against LSAC for negligent misrepresentation, fraud, and "bad faith." The Complaint purports to allege the same causes of

gsdocs\8131402.1

action against the other defendants, who the Complaint identifies in paragraph 2 as Terri Mester, Judie Menago, Maureen Troyan, John Doe and Jane Doe (the "Individual Defendants").

3. This case is properly removed to this Court because this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, and because the procedural requirements for removal have been met.

I. **THE PARTIES ARE DIVERSE**

4. There is complete diversity between the Plaintiffs and Defendants.

5. The Plaintiff is an individual and purports to reside in Dover, Massachusetts.

6. Defendant LSAC is a Delaware corporation with its sole place of business in Newtown, Pennsylvania.

7. The Individual Defendants, purportedly named in the Complaint, are residents of Pennsylvania. They have not yet been served with the Complaint.

II. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

8. As set forth in the Civil Action Cover Sheet filed by Ms. Kruskall in the Superior Court, Ms. Kruskall seeks damages in the amount of $13,000,000. A true and accurate copy of the Civil Action Cover Sheet is attached hereto as **Exhibit B**.

III. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

9. The Complaint was delivered to LSAC on October 28, 2014. The Individual Defendants have not been served with process yet. This Notice of Removal is being timely filed within thirty days of that date in accordance with the requirements of 28 U.S.C. § 1446.

10.   For the purposes of removal, venue is proper in this court pursuant to 28 U.S.C. § 101 because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

11.   There are no other pleadings, orders, or process that have been served on LSAC in this action.

12.   A copy of this Notice of Removal is being served upon the Plaintiff and a copy will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, County of Norfolk as required by 28 U.S.C. § 1446(d).

13.   LSAC will comply with the requirements of Local Rule of Civil Procedure 81.1 by filing certified or attested copy of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court.

WHEREFORE, LSAC respectfully requests that this action proceed in this Court as a properly removed action.

Respectfully submitted,

LAW SCHOOL ADMISSION COUNCIL, INC.

By its attorneys,

/s/ Mariana Korsunsky
Paul F. Beckwith (BBO #550186)
pbeckwith@goulstonstorrs.com
Mariana Korsunsky (BBO # 675626)
mkorsunsky@goulstonstorrs.com
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776

Dated: November 17, 2014

gsdocs\8131402.1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Mariana Korsunsky
Mariana Korsunsky

gsdocs\8131402.1